UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | |
| SANDY L. DAVIS | NO.: 3:08-cr-00088-BAJ-SCR |

### RULING AND ORDER

Before the Court is Petitioner's **MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 (Doc. 60)**, requesting that "the Court vacate his sentence and grant him a new sentencing under the Fair Sentencing Act of 2010 statutory minimum provisions," (*id.* at ¶9). For reasons explained below, Petitioner's request will be DENIED.

### I. BACKGROUND

On June 25, 2008, a federal grand jury returned an indictment charging Petitioner with three counts of distributing 50 grams or more of cocaine base, also known as "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 1). Thereafter, on February 26, 2009, Petitioner pleaded guilty in this Court to each count of the indictment. (Docs. 13, 14). Later, on September 22, 2010, this Court sentenced Petitioner to "a total term of 160 months" imprisonment, consisting of concurrent terms of 160 months imprisonment on each of the three counts of conviction. (Doc. 29 at p. 3). In its statement of reasons for Petitioner's sentence, this Court

explained that an upward departure from the otherwise applicable advisory guideline range was required to account for Petitioner's "extensive criminal history." (Doc. 30 at p. 4). Specifically, this Court stated:

> The court determines a two-category upward departure of the defendant's criminal history category is appropriate pursuant to USSG § 4A1.3(a)(1). The defendant has a prior sentence not used in computing the criminal history category and prior aggravated felony arrests not resulting in a criminal conviction. Additionally, the defendant has an extensive criminal history which includes drugs, firearms, and attempted manslaughter. The defendant's criminal history category is increased from I to III with a new guideline range of 151 to 188 months.

(*Id.*). This Court entered judgment, which was affirmed by the U.S. Fifth Circuit Court of Appeals on November 18, 2011. (Doc. 48).

At the time Petitioner committed his offenses—indeed, at the time he pleaded guilty—he faced mandatory minimum sentences of 10 years imprisonment on each of the three counts against him. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2006 ed.). However, on August 3, 2010—*after* Petitioner pleaded guilty, but *before* he was sentenced—the law changed with Congress's passage of the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010). Under the FSA, an offender who sold 50 grams of crack was subject to a 5-year, not a 10-year, minimum. § 841(b)(1)(B)(iii) (2006 ed., Supp. IV). Despite this change in the law, the Court accepted as true that Petitioner faced the pre-FSA 10-year mandatory minimum prison term. (*See* Doc. 30 at p. 1; Doc. 48 at p. 5).

2

On June 21, 2012, the U.S. Supreme Court decided *Dorsey v. United States*, which held that the new statutory minimum sentences set forth in the FSA apply to defendants—such as Petitioner—who committed their offenses *prior* to the enactment of the FSA but were sentenced *after* its enactment. 132 S. Ct. 2321, 2326 (2012). Less than a year later, Petitioner filed the § 2255 motion that is the subject of this Order, contending that *Dorsey* entitles him to be resentenced under the FSA's new mandatory minimum framework. (Doc. 61 at ¶¶ 5–9). At the Court's order, the Government submitted a memorandum in opposition to Petitioner's motion. (Docs. 62, 65). Oral argument on this matter is not necessary.

## II. DISCUSSION

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

Petitioner raises a single "ground[] on which [he] claims he is being unlawfully held." (Doc. 61 at ¶ 6). Specifically, he argues that his "current sentence is based upon the erroneous statutory mandatory minimum sentence of 10 years, instead of the proper statutory mandatory minimum sentence of 5 years, pursuant to *Dorsey v. United States*." (*Id.*). Accordingly, Petitioner asserts that he must "be [re]sentenced under the new statutory mandatory minimum sentence for his offense," which is 5 years. (*Id.* at ¶ 9). The Government responds that "*Dorsey* . . . has no impact upon the [Petitioner]," and that "[Petitioner] is not eligible for resentencing," because his sentence is based on an upward departure from Petitioner's advisory guideline range, not on the pre-FSA 10-year mandatory minimum. (Doc. 65 at pp. 2–3).

The Government's position is correct. This is because even if this Court *failed* to recognize the retroactive applicability of the FSA in determining Petitioner's sentence, the pre-FSA 10-year mandatory minimum was *not* the basis for its calculation of Petitioner's prison term. *See United States v. Kinchen*, 729 F.3d 466, 476 (5th Cir. 2013). In its Statement of Reasons for the sentence imposed, this Court explained that it departed upward from Petitioner's pre-FSA guideline range of 121–151 months imprisonment due to Petitioner's "extensive criminal history," which included a "prior sentence not used in computing the criminal history category," "prior aggravated felony arrests not resulting in a criminal conviction," and other activities involving "drugs, firearms, and attempted

4

manslaughter." (Doc. 30 at pp. 1, 4). Based on this information, the Court increased Petitioner's criminal history category, yielding "a new guideline range of 151 to 188 months." (*Id.* at p. 4).

This "new guideline range," *not* the pre-FSA mandatory minimum, clearly served as the basis for Petitioner's 160-month sentence. The Fifth Circuit has recently instructed that in such instances—i.e., where "the mandatory minimum was *not* the basis for the district court's decision to vary upward"—"*any* error in not recognizing the FSA's retroactive applicability was harmless." *Kinchen*, 729 F.3d at 476 (emphasis added); *see also United States v. Williams*, 505 Fed. App'x 343, 344 (5th Cir. 2013) (unpublished) (same). Thus, Petitioner has failed to show that he is entitled to the relief he seeks.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's § 2255 **MOTION (Doc. 61)** is **DENIED**.

Baton Rouge, Louisiana, this 13th day of January, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA